## Silver Fleet Motor Express v. Wilson.

Feb. 29, 1944.

H. C. Gillis, Robert L. Smith, R. W. Keenon and Robert M. Odear for appellant.

R. L. Pope, J. C. Bird and B. B. Snyder for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The opinion on the first appeal is reported in 291 Ky. 509, 165 S. W. (2d) 48. By reference to that opinion the reader may learn the facts adduced on the first trial of the case. The judgment was reversed, because we were of the opinion that the appellant's motion for a directed verdict should have been sustained, because the physical facts pointed unerringly to the conclusion that the accident did not result from any negligence on the part of the driver of the truck owned by appellant. On the second trial of the case the jury found in favor of the appellant, defendant below. The Court sustained a motion for a new trial, on which the jury found for appellee, plaintiff below, and assessed her damages in the amount of $6,500. From the judgement pronounced upon that verdict the appeal has been prosecuted.

The opinion on the first appeal is the law of the case, and, unless appellee has strengthened her case by the introduction of additional testimony, it is incumbent upon us to reverse the judgment, in accordance with the mandate of the first appeal. The record is voluminous, but the only new evidence to be considered was introduced through the witnesses, John Smith, James Prewitt, and Carl Moore. Smith and Prewitt were introduced to impeach the evidence of Ernest Taylor. They stated that, from their examination of the contour of the territory, and the condition of the timber at the scene of the accident, which examination was made on the day they testified, it was impossible for the witness, Taylor, to have been an eye witness to the accident. They admitted that they were taken to the scene of the accident by Otto Wilson, the husband of appellee, who pointed out to them the place the accident occurred, and the place from which Mr. Wilson

stated to them Taylor testified he viewed the accident. They did not state the points located for them by Mr. Wilson to verify the facts upon which their opinions were based; and no other evidence was introduced to show that the same condition existed at the scene of the accident at the time it occurred, and at the time the witnesses viewed the scene nearly three years thereafter. It is obvious, therefore, that the testimony of these two witnesses cannot be considered as contradictory of the witness, Taylor, in any respect.

There remains for our consideration only the testimony of Carl Moore, and its effect, if any, in contradiction of the physical facts which controlled the decision on the former appeal. Moore was not introduced as a witness on either of the former trials, and did not know that he was to be used as a witness on the trial of this case until a few days before he was called. There was no occasion, therefore, for him to refresh his recollection of the details of the accident until nearly three years after it occurred. His testimony concerning the physical facts as they appeared after the accident may be divided into four classifications: (1) The position of the vehicles; (2) the tracks of the vehicles; (3) the appearance of the guard posts and cables; and (4) the condition of the road. Moore was not an eye witness to the accident, and his observations were not made until after the vehicles finally came to a stop. The only testimony concerning the position of the vehicles after the accident, which was not in accordance with the testimony adduced upon the first trial, is in direct conflict with a photograph introduced in the record, which it is admitted shows the true situation. Moore testified that the back end of the truck was next to the center line of the road; whereas the photograph shows that it was several feet removed therefrom. Moore's evidence in respect to the tracks of the vehicle was to the effect that the truck ran off of the metal surface of the road fifty to seventy-five feet above the place it struck two guard posts. There was testimony to like effect in the record on the first appeal; but if this should be considered to be new testimony in respect to the physical facts, we believe it not to be in conflict with the facts which controlled the decision of the case on the first appeal. After the truck left the metal surface of the road and traveled along the berm on its side of the center of the highway, it struck two guard posts.

We do not perceive what difference it makes whether the truck traveled on the berm seventy-five feet before it struck the guard posts, or twenty feet as other witnesses put it. In either event, the testimony of the driver of the truck is corroborated in his contention that he was giving as much room to the oncoming automobile as possible immediately before the accident. Moore's testimony that the first and second guard posts were struck by the truck was contradicted by the photograph, which shows either the fifth and sixth or the sixth and seventh to be the ones which were struck. His testimony concerning the condition of the road and the mud or dirt left on the road by the impact does not materially differ from the evidence adduced on the first trial. The only other testimony of Moore concerns his notion and theory about how the accident occurred. He attempted to qualify himself as one possessing a keen understanding of the causes of an accident from the appearances at the scene of the accident after it occurred, by showing that he had driven trucks and had engaged in the trade of an automobile mechanic for two or three years. Our experience in similar cases leads us to the conclusion that no one with any reasonable degree of certainty can determine the course an automobile would take following its collision with another vehicle; and especially is this true if the witness has not had an opportunity to examine the vehicles in respect to the parts affected by the accident. Moore's theories in respect to how the accident occurred are purely of a speculative nature, and are of little, if any, value in contradiction of the evidence of physical facts.

There was no substantial difference between the evidence introduced on the second trial, which resulted in a verdict for appellant, and that introduced on the third trial of the case, which resulted in a verdict for appellee, and upon which the judgment appealed from was entered. Immediately following the rendition of the verdict and the entry of the judgment, and on the same day, appellant moved the Court to substitute the verdict of the jury and the judgment of the Court entered upon the second trial of the case in place of the judgment and verdict of the Court entered upon the third trial, having theretofore taken all necessary steps to preserve its rights in respect to the motion for substitution. The motion was overruled, and appellant now insists that this was error and the Court should

768

have substituted the verdict and judgment pronounced upon the second trial in place of the verdict and judgment pronounced upon the third trial. Since the evidence was substantially the same on both trials, and we have concluded that such evidence was not sufficient to submit the case to the jury and the Court should have peremptorily instructed the jury to find for appellant, it is obvious that the Court erred in setting aside the verdict and judgment in favor of appellant on the second trial of the case, and should have substituted that verdict and judgment in place of the verdict and judgment in favor of appellee on the third trial.

Wherefore the judgment appealed from is reversed, with directions that upon return of the case it be set aside, and the verdict and judgment in favor of appellant entered upon the second trial of the case be entered in lieu thereof.